IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| Value Recovery Group, LLC, | ) | |
| | ) | Case No. 1:04-CV-598 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Erin LaCroix, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |


<u>Order Granting Summary Judgment</u>


Plaintiff filed its complaint in this matter on September 2, 2004, and asserted claims of fraudulent conveyance to avoid a creditor, unjust enrichment, and civil conspiracy against Defendants Erin LaCroix; Eugene LaCroix; LaCroix, LLC; Euramer Group, LLC; The Renai Horse Registry, Inc.; and five John Doe Defendants.  On November 10, 2005, Defendants Erin LaCroix; LaCroix, LLC; Euramer Group, LLC; and The Renai Horse Registry, Inc., moved for summary judgment with respect to all of Plaintiff's claims against them (<u>see</u> Doc. 21).  As of December 12, 2005, Plaintiff had not filed a memorandum in opposition to that motion, and the time allotted by Southern District of Ohio Local Rule 7.2 for the filing of such a memorandum had expired. Accordingly, on that date, the Court ordered Plaintiff to show cause, on or before December 27, 2005, for the denial of the motion.  The Court advised Plaintiff that, in the event that it failed to timely respond to the Show Cause Order, the Court would

consider Defendants' motion as unopposed.  Plaintiff did not timely respond to the Show Cause Order.

The movants contend that Plaintiff is barred from pursuing its claims against them by virtue of the discharge of the underlying debt of Defendant Eugene LaCroix by the United States Bankruptcy Court for the Western District of Kentucky without objection by Plaintiff.  The movants have attempted to support their argument with evidence demonstrating that Mr. LaCroix was discharged by the Bankruptcy Court on May 24, 2005.  That evidence does not clarify whether Plaintiff was named as a creditor in the bankruptcy proceedings, however, nor whether the debt underlying Plaintiff's claims in this action was discharged.  Accordingly, the evidence does not thoroughly support their argument.

The movants also contend that Plaintiff may not recover against them for any alleged fraudulent conveyance because it alleges the transfer of only labor and skill while applicable Kentucky law[1] prohibits only a transfer of property for the purpose of delaying, hindering, or defrauding creditors.  See Kentucky Revised Statutes ("K.R.S.") § 378.010.  See also K.R.S. § 378.020.  They contend that they are entitled to judgment as a matter of law with respect to Plaintiff's unjust enrichment claim because Plaintiff cannot prove that any benefit Eugene LaCroix may have conferred on them by virtue of his labor and skill came

---

[1]The parties agree that Kentucky law governs Plaintiff's claims herein.

at Plaintiff's expense.  See Guarantee Electric Co. v. Big Rivers

Electric Co., 669 F.Supp. 1371, 1380 (W.D. Ky. 1987)(citing Bogan

v. Finn, 298 S.W.2d 311, 313-14 (Ky. App. 1957)).  The movants

argue that Plaintiff was not entitled to the benefit of the labor

and skill of Eugene LaCroix simply by virtue of its status as a

judgment creditor and that, accordingly, any benefit conferred

upon the movants by virtue of his labor and skill did not come at

the expense of Plaintiff.  Finally, they contend that they are

entitled to summary judgment with respect to Plaintiff's civil

conspiracy claim because Plaintiff cannot prove that they engaged

in any unlawful action, a prerequisite to the successful

assertion of such a claim.  See Hooks v. Hooks, 771 F.2d 935,

943-44 (6th Cir. 1985).

    Summary judgment is proper "if the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The evidence presented on a motion for summary judgment

is construed in the light most favorable to the non-moving party,

who is given the benefit of all favorable inferences that can be

drawn therefrom.  United States v. Diebold, Inc., 369 U.S. 654

(1962).  "The mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that

there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary.  The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  <u>Anderson</u>, 477 U.S. at 250.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  <u>Id.</u>

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment.  <u>Poller v. Columbia Broadcasting System, Inc.</u>, 368 U.S. 464, 472 (1962).  "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial."  <u>First National Bank v. Cities Service Co.</u>, 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, <u>Smith v. Hudson</u>, 600 F.2d 60, 63 (6th Cir.), <u>cert. dismissed</u>, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly

regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence.  Id.; Anderson, 477 U.S. at 250.  Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim.  Id.  Rule 56(a) and (b) provide that parties may move for summary judgment

"with or without supporting affidavits."  Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

Because it has not opposed the pending motion for summary judgment, Plaintiff has also failed to identify evidence in support of any of its claims against the movants.  The Court has considered the arguments of the movants, and with the above-noted exception, finds that they are well-founded in the cited authority.  Accordingly, the Court concludes that Defendants Erin LaCroix; LaCroix, LLC; Euramer Group, LLC; and The Renai Horse Registry, Inc., are entitled to summary judgment with respect to all of Plaintiff's claims against them.  Their motion for summary judgment (Doc. 21) is hereby **GRANTED** in its entirety.

This action will proceed on Plaintiff's claims against Eugene LaCroix and the five John Doe Defendants.  The Court observes, however, that Plaintiff has made no attempt to identify or to effect service of process upon the John Does.  The time allotted by Rule 4(m) of the Federal Rules of Civil Procedure for the service of summons has long since expired.  Accordingly, the Court will dismiss Plaintiff's claims against the John Doe

Defendants without prejudice if Plaintiff fails to **SHOW CAUSE**, on or before January 13, 2006, for the maintenance of its claims against those parties.

        **IT IS SO ORDERED.**

 

_____/s/_____
Sandra S. Beckwith, Chief Judge
United States District Court
